IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FERRELLGAS, L.P. et al., )
)
        Plaintiffs, )
)
v. ) 1:16CV259
)
BEST CHOICE PRODUCTS a/k/a )
SKY BILLIARDS, INC., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Plaintiffs Ferrellgas, L.P. ("Ferrellgas") and Blue Rhino Global Sourcing, Inc.'s ("Blue Rhino") Motion to Strike Affirmative Defenses from Defendant Best Choice Products' (a/k/a Sky Billiards, Inc.) Verified Answer. (Docket Entry 18.) Defendant has not filed a response. For the following reasons, the Court will grant Plaintiffs' motion and strike Defendant's fourth, fifth, sixth, and seventh affirmative defenses from its verified answer.

## I. BACKGROUND

Plaintiffs filed this action alleging that Defendant, without authorization, marketed, offered for sale, and sold outdoor fireplaces that were designed and manufactured for Blue Rhino at a significantly lower rate than Plaintiffs' listing price. (*See* Compl. ¶¶ 16-20, Docket Entry 1.) Ferrellgas, a premier propane provider, is the owner of the Blue Rhino trademark. (*Id.* ¶¶ 10, 12.) Blue Rhino, a subsidiary of Ferrellgas, distributes outdoor living accessories, including fireplaces and heaters. (*Id.* ¶ 11.) Defendant is engaged in the business of importing,

1

marketing and selling household items, including outdoor fireplaces. (*Id.* ¶ 15.) Plaintiffs allege that Defendant is marketing and selling its fireplaces, particularly the UniFlame Hex Shaped Outdoor Fire Bowl, through online retailers and includes an Owner's Manual that "falsely suggest that Hex Fireplaces sold by Defendant originated from Blue Rhino." (*Id.* ¶ 21; *see also id.* ¶¶ 16, 20.) As a result, Plaintiffs contend that Blue Rhino's name, reputation, and goodwill are suffering; thus, Plaintiffs seek damages for trademark infringement, unfair competition, and unfair and deceptive trade practices. (*Id.* ¶¶ 36-53.)

Defendant filed its verified answer on April 26, 2016, asserting several affirmative defenses in this action, including:

### FOURTH AFFIRMATIVE DEFENSE
Defendant[] allege[s] Plaintiff's claims in the Complaint are barred by the doctrine of equitable estoppel in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE
Defendant[] allege[s] Plaintiff's claims in the Complaint are barred by the doctrine of waiver in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE
Defendant[] allege[s] Plaintiff's claims in the Complaint are barred by Plaintiff's consent or acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE
Defendant[] allege[s] Plaintiff's claims in the Complaint are barred by the doctrine of laches in whole or in part.

(Def. Answer, Docket Entry 16 at 6-7.) Plaintiffs filed the pending motion, seeking to strike the above affirmative defenses because "Defendant fail[ed] to allege a single fact to support any of the affirmative defenses." (Pls.' Mem., Docket Entry 19 at 3.) Defendant has not filed a response to this motion.

2

## II. DISCUSSION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court can "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on motion of a party. Fed. R. Civ. P. 12(f); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In reviewing a motion to strike pursuant to Rule 12(f), the Court reviews "the pleading under attack in a light most favorable to the pleader." *Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 918 F. Supp. 2d 453, 467 (M.D.N.C. 2013). "The Fourth Circuit has recognized that Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." *Id.* (citations and quotations omitted). However, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Gilmore*, 252 F.3d at 347 (internal quotations and citations omitted). "A party moving to strike a defense pursuant to Rule 12(f) must make a showing of prejudice." *Staton v. N. State Acceptance, LLC*, No. 1:13-CV-277, 2013 WL 3910153, at *2 (M.D.N.C. July 29, 2013).

When a party pleads an affirmative defense, "Federal Rule of Civil Procedure 8(c), which specifically governs affirmative defenses, requires a party to 'affirmatively state any avoidance or affirmative defense.'" *Guessford*, 918 F. Supp. 2d at 468 (citing Fed. R. Civ. P. 8(c)). Additionally, "the majority of [Fourth Circuit] district courts have concluded that the particularity and plausibility standard from *Iqbal/Twombly* does apply to the pleading of affirmative defenses." *Staton*, 2013 WL 3910153, at *2 (citing cases); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, "courts in the Middle District have declined to extend *Twombly* and *Iqbal* to affirmative defenses given

3

the language of Rule 8 of the Federal Rules of Civil Procedure and existing Fourth Circuit authority." *Orshal v. Bodycote Thermal Processing, Inc.*, No. 1:15CV674, 2016 WL 4007610, at *2 (M.D.N.C. July 26, 2016); *see also Guessford*, 918 F. Supp. 2d at 468. Thus, "as long as the affirmative defense gives the plaintiff fair notice of the nature of the defense, then it will be sufficient." *Keith Bunch Associates, LLC v. La-Z-Boy Inc.*, No. 1:14-CV-850, 2015 WL 4158760, at *2 (M.D.N.C. July 9, 2015) (citing *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004)); *Villa v. Ally Fin., Inc.*, No. 1:13CV953, 2014 WL 800450, at *2 (M.D.N.C. Feb. 28, 2014) ("[T]o survive a motion to strike, a defendant must offer more than a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand.") (internal quotations and citations omitted). Deciding whether to grant or deny a motion to strike is discretionary. *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 246 (4th Cir. 2007).

Having reviewed Plaintiffs' argument, the Court finds that Defendant's fourth, fifth, sixth and seventh defenses are deficient because they are nothing more than bare-bone conclusory statements without supporting facts to give fair notice to Plaintiff as to the basis of such defenses. *Topline Sols., Inc. v. Sandler Sys., Inc.*, No. L-09-3102, 2010 WL 2998836, at *2 (D. Md. July 27, 2010) ("[E]ven before *Twombly* and *Iqbal*, the defenses of waiver, estoppel and laches were consistently struck when pled without reference to some facts."); *see also Espinoza v. Mex-Am Cafe, LLC*, No. 1:14CV30, 2015 WL 5431949, at *6 (M.D.N.C. Sept. 15, 2015) (finding two of defendants' affirmative defenses "insufficient irrespective of the application of *Twombly* and *Iqbal* because they do nothing more than state a legal theory without any indication of the relevance of those defenses to Plaintiffs' claims"); *Villa*, 2014 WL 800450, at

4

*3 ("[S]imply asserting that the equitable doctrine of laches bars the Complaint does not connect the theory to the instant case and, thus, does not provide Plaintiff with sufficient notice of the defense under Rule 8."); *Moonracer, Inc. v. Collard*, No. 5:13-CV-455-BO, 2013 WL 5949863, at *3 (E.D.N.C. Nov. 6, 2013) (granting in part plaintiff motion to strike several "affirmative defenses by defendant [that] contain no more than labels and conclusions or have no basis in law"). Because "dismissal under Rule 12(f) is appropriate where the defendant has not articulated its defenses so that they are contextually comprehensible[,]" Plaintiffs' motion will be granted. *Villa*, 2014 WL 800450, at *2 (citing *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F.Supp.2d 721, 726 (W.D.Va. 2010)). However, because motions to strike are generally disfavored, Defendant, upon an appropriate motion, will be afforded an opportunity to amend its answer. *Moonracer*, 2013 WL 5949863, at *3 ("[B]ecause motions to strike are so disfavored, leave shall be given upon an appropriate motion for leave to file [an] amended answer".).

## III. CONCLUSION

For the reasons stated herein,

**IT IS HEREBY ORDERED** that Plaintiffs' motion (Docket Entry 18) is **GRANTED**. Defendant's Fourth, Fifth, Sixth, and Seventh Affirmative Defenses are **STRICKEN**. Defendant shall be permitted to amend its answer if leave is sought within fourteen (14) days of this Order.

_____
Joe L. Webster
United States Magistrate Judge

August 30, 2016
Durham, North Carolina