IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FERRELLGAS, L.P. and BLUE RHINO GLOBAL SOURCING, INC. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:16CV259 |
| BEST CHOICE PRODUCTS a/k/a SKY BILLIARDS, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court are Defendant's Motion to Amend Judgment, (ECF No. 55), and Defendant's Motion to Stay Execution of Judgment Pending Disposition of Defendant's Rule 59(e) Motion ("Motion to Stay"), (ECF No. 56). For the reasons set forth below, Defendant's Motion to Amend Judgment will be denied, and Defendant's Motion to Stay will be denied as moot.

**I.     PROCEDURAL BACKGROUND**

Plaintiffs, Ferrellgas, L.P. and Blue Rhino Global Sourcing, Inc., initiated this action against Defendant, Best Choice Products a/k/a Sky Billiards, Inc., on March 31, 2016, alleging trademark infringement and unfair competition under 15 U.S.C. §§ 1114 and 1125, as well as unfair and deceptive trade practices under N.C. Gen. Stat. § 75 et seq. (ECF No. 1.) On July 24, 2017, this Court entered a Memorandum Opinion and Order ("Opinion and Order") in which it: (i) granted summary judgment in favor of Plaintiffs on each of their three claims; (ii)

awarded damages to Plaintiffs in the sum of $185,199.30;[1] (iii) granted Plaintiffs' Motion for Sanctions and ordered Defendant to pay Plaintiffs their reasonable attorney's fees and costs in an amount to be determined by the Court following briefing by the parties; and (iv) denied Defendant's Motion for Leave to Amend Defendant's Responses to Plaintiffs' First Set of Requests for Admissions. (ECF No. 39.) The Court stated in its Opinion and Order that a Judgment dismissing the action with prejudice would be entered "upon the conclusion of all matters before the Court." (*Id.* at 29.) On January 25, 2018, following the entry of an Order awarding Plaintiffs their reasonable attorney's fees and costs, the Court entered a Judgment dismissing this case with prejudice. (*See* ECF Nos. 53, 54.) Defendant moves to amend the Court's Judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, with respect to the trademark damages awarded to Plaintiffs.

## II. STANDARD OF REVIEW

Under Rule 59(e), a court may alter or amend a final judgment for the following reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see* Fed. R. Civ. P. 59(e). Rule 59(e), therefore, "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation marks omitted). The moving party bears the

---

[1] The Opinion and Order directed Defendant to pay Plaintiffs "the sum of $61,733.10 in Defendant's profits, which sum shall be trebled pursuant to the Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-16, for a total award amount to be paid to Plaintiffs by Defendant of $185,199.30." (ECF No. 39 at 28.)

burden of establishing one of the three grounds for reconsideration. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). While "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment" under Rule 59(e), *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008), the Fourth Circuit has cautioned that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation marks omitted).

## III. DISCUSSION[2]

### A. Timeliness of Defendant's Motion to Amend Judgment

In response to Defendant's Motion to Amend Judgment, Plaintiffs first argue that the motion is untimely. (ECF No. 58 at 2, 9–12.) Plaintiffs contend that because Defendant's Rule 59(e) motion was filed on February 22, 2018, "Defendant filed its Motion late." (*Id.* at 11.) According to Plaintiffs, the Court's "'entry of judgment' occurred no later than December 21, 2017, or 150 days after the Court's [July 24, 2017] Order was entered into the docket[;] [t]hus, Defendant's deadline for filing its Rule 59(e) Motion was no later than January 18, 2018, or 28 days from the entry of judgment on December 21, 2017." (*Id.*) The Court rejects Plaintiffs' argument because it is contrary to the clear language of Rule 59(e) which requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Entry of a judgment occurs "when it is either set forth in a separate document, as required by Fed. R. Civ. P. 58(a),[3] and entered on the

---

[2] The Court relies upon and incorporates its recitation of the factual background set forth in its Opinion and Order.

[3] Rule 58 provides that "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). This "separate document" requirement does not, however, apply to orders disposing of motions under Rule 50(b), Rule 52(b), Rule 54, Rule 59, or Rule 60. *Id.*

3

district court's docket, or 150 days have passed from the entry of the judgment or order." *United States v. Braddy*, 372 F. App'x 405, 406 (4th Cir. 2010). Here, the Court's Opinion and Order explicitly stated that "[a]n Order and Judgment dismissing this action with prejudice [would] be entered upon the conclusion of all matters before the Court." (ECF No. 39 at 29.) The Court then entered its Judgment in this action, disposing of all then-pending matters, on January 25, 2018. (ECF No. 54.) The parties, therefore, had 28 days following entry of the Judgment, or until February 22, 2018, to file a motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *Office of Strategic Servs., Inc. v. Sadeghian*, 528 F. App'x 336, 348 (4th Cir. 2013) ("Rule 59 motions to alter or amend a judgment must be filed within twenty-eight days of the entry of judgment."). Defendant's Motion to Amend Judgment was, in fact, filed on February 22, 2018. (*See* ECF No. 55.) Thus, the Court concludes that Defendant's motion was timely.[4]

### B. Whether amendment of the Court's Judgment is necessary to correct a clear error of law or to prevent manifest injustice.

Defendant first argues that the Court's Judgment with respect to its award of trademark damages to Plaintiffs should be amended to $0 to correct a clear error of law. (ECF No. 55-1 at 1, 4–7.) Specifically, Defendant contends that "this Court erred in calculating trademark damages based on Sky Billiards' default admissions . . . because [Plaintiffs' Request for Admission ("RFA") Nos.] 34 and 35 were improperly served according to Local Rule 26.1(a)(2), which limits parties to 25 RFAs." (ECF No. 55-1 at 5.) According to Defendant,

---

[4] Because the Court finds that Defendant's Rule 59(e) motion was timely filed, the Court need not consider the parties' arguments with respect to Rule 60(b) of the Federal Rules of Civil Procedure.

RFAs 34 and 35[5] "should be struck because [they] exceed the maximum allowable number of RFAs that Plaintiffs were permitted to serve, and Plaintiffs failed to seek leave of the Court to serve more than 25 RFAs." (*Id.*)

This Court's Local Rules provide that where, as here, a case has been designated as "complex," each party is presumptively limited to 25 requests for admission, absent the parties' stipulation or court order. LR 26.1(a)(2). Plaintiffs served 36 requests for admission on Defendant. (*See* ECF No. 27-2 at 32–51.) However, prior to entry of the Court's Judgment in this matter, Defendant failed to raise any objection, or make any argument, with respect to the number of RFAs served by Plaintiffs. Further, as Plaintiffs point out, in seeking leave to amend its responses to Plaintiffs' RFAs, not only did Defendant fail to raise any objection to the number of RFAs served, but Defendant's proposed amended responses (attached to its motion for leave to amend) included responses to *all 36* RFAs. (*See generally* ECF Nos. 31, 31-2; *see also* ECF No. 58 at 15.) Accordingly, the Court concludes that Defendant has waived any such argument. *See Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 423 (N.D.W. Va. 2006) (concluding that "arguments against a request for admission not first raised in a timely objection are waived, unless the objecting party can show good cause for the failure"); *see also Vales v. Preciado*, 809 F. Supp. 2d 422, 427 n.4 (D. Md. 2011) (explaining that although plaintiffs "exceeded the limit on requests for admission" under the local rule, "[t]he limit does not defeat [plaintiffs'] motion [for summary judgment] because no objection was raised).

---

[5] RFA 34 reads as follows: "Admit that you purchased 2,600 BCP Fireplaces from Dingfu." (ECF No. 27-2 at 49.) RFA No. 35 reads as follows: "Admit that you sold 2,600 BCP Fireplaces, each accompanied by a BCP Fireplace Manual, at a sales price of $71.95 each." (*Id.*)

5

Defendant further argues that "[i]t was a clear error of law to award $185,199.30 in trademark damages when granting Plaintiffs' Motion for Summary Judgment because there was no proper evidence for the Court to consider with respect to damages." (ECF No. 55-1 at 6.) The Court's Opinion and Order included a detailed discussion of the Court's reasoning, the evidence on which the Court relied in awarding damages to Plaintiffs, and the lack of competent evidence presented by Defendant with respect to damages. Defendant now attempts to relitigate the damages issue, by presenting evidence attached as exhibits to the instant motion. It is well-settled, however, that Defendant may not use its Rule 59(e) motion "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). In addition, while it is clear that Defendant disagrees with the Court's findings detailed in its Opinion and Order, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Nor is the Court persuaded by Defendant's argument that "in the alternative, the trademark damages judgment should be amended to $23,474.19 to prevent manifest injustice due to the serious misconduct of prior counsel." (ECF No. 55-1 at 9.) According to Defendant, "[i]t would be manifestly unjust to enrich Plaintiffs with an outsized trademark damages award that is based on a false calculation of [Defendant's] sales and profits stemming from prior counsel's incompetence." (ECF No. 55-1 at 9–10.) Here again, Plaintiffs attempt both to relitigate matters which have been addressed by the Court, and introduce evidence

"that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (internal quotation marks omitted).

In addition, as held by the Supreme Court, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). "As both the Supreme Court and [the Fourth Circuit] have consistently recognized, a party voluntarily chooses his attorney as his representative in the action, and, thus, he cannot later 'avoid the consequences of the acts or omissions of this freely selected agent.'" *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 (4th Cir. 2010) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)). As a result, the "consequences stemming from [Defendant's counsel's] choice[s] . . . cannot be classified as manifestly unjust in this case" and "does not justify granting . . . the extraordinary relief" requested under Rule 59(e). *C.H. v. Asheville City Bd. of Educ.*, No. 1:12-CV-000377-MR-DLH, 2014 WL 1092290, at *3 (W.D.N.C. Mar. 18, 2014) (second alteration in original) (internal quotation marks omitted) (citation omitted).

Thus, the Court concludes that Defendant has failed to establish that amendment of the Court's Judgment in this matter is necessary to correct a clear error of law or prevent manifest injustice. Defendant's Motion to Amend Judgment will, therefore, be denied.

For the reasons stated herein, the Court enters the following:

**[ORDER FOLLOWS ON NEXT PAGE]**

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Amend Judgment, (ECF No. 55), is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Stay, (ECF No. 56), is DENIED AS MOOT.

This, the 8th day of June, 2018.

/s/ Loretta C. Biggs
United States District Judge